NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 17a0295n.06

CASE NO. 16-6281

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 25, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DAVID JONES, | ) | |
| | ) | |
| *Plaintiff-Appellant*, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CLARK COUNTY, KY., *et al.*, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| *Defendants-Appellees*. | ) | |
| | ) | |

Before:  BOGGS, BATCHELDER, and WHITE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  The plaintiff appeals the district court's dismissal of his malicious-prosecution claim.  Because the plaintiff presented sufficient questions of material fact to overcome the motion to dismiss, we REVERSE and REMAND.

**I.**

In October 2013, the police tracked a 39-second video of child pornography to an IP address and tracked that IP address to subscriber David Jones.  Officer Lee Murray secured and executed a search warrant for Jones's residence, seizing a tablet computer, cellphone, modem, printer, and DVDs.  Officer Murray arrested Jones, who waived his right to counsel and answered all questions, denying any knowledge of any child pornography.  Inexplicably, the police did not investigate the seized devices to determine whether they contained any child pornography, such as the 39-second video.  Had the police done any such investigation, they would have discovered that they did not.  Nonetheless, Officer Murray recommended charges

and the prosecutor obtained a grand-jury indictment charging Jones with promoting a minor in a sexual performance, in violation of K.R.S. § 531.320(2)(b).

Over a year later, in November 2014, the authorities had still done no investigation of the seized devices, at which point Jones's attorney had an expert examine them. They were found to contain no evidence of child pornography. Jones moved to dismiss the indictment and the state court released him on December 15, 2014. Jones had spent 14 months in jail.

Jones sued in federal court, asserting (among other claims) malicious prosecution by Officer Murray. Murray moved to dismiss, arguing that a grand-jury indictment bars a malicious-prosecution claim. Jones argued that the indictment was no bar because it had been procured by fraud, perjury, suppression of evidence, and police misconduct. The district court granted Murray's motion to dismiss, finding that Jones had failed to allege that Murray had presented false testimony to the grand jury, and denied Jones's motion for leave to amend his complaint to cure the deficiency. *See Jones v. Clark Cnty.*, No. 5:15-cv-00337, 2016 WL 4146119, at *6 (E.D. Ky. Aug. 3, 2016).

Jones appealed the dismissal of the malicious-prosecution claim.

## II.

To succeed on a malicious-prosecution claim under § 1983, the plaintiff must prove, among other things, that there was no probable cause for the criminal prosecution. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). "As a general rule, the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause." *Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015) (quotation marks and citation omitted). Our long-held exception to that general rule rejected the presumption of probable cause when the defendant knowingly or recklessly presented false testimony to, or

omitted critical information from, the grand jury in order to obtain that indictment. *Sykes*, 625 F.3d at 312; *Webb*, 789 F.3d at 660.

In *Sanders v. Jones*, 845 F.3d 721 (6th Cir. 2017), we held that because "a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony," a plaintiff cannot base a malicious-prosecution claim solely on grand-jury testimony, even false or perjured testimony. *Id*. at 730 (quoting *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012) (holding that in a § 1986 action, a grand-jury witness, like a trial witness, has absolute immunity)). But in *King v. Harwood*, 852 F.3d 568, 586 (6th Cir. 2017), we explained that, "while *Sanders* may control the outcome of many malicious-prosecution cases in which the sole or primary act of the defendant law-enforcement officer is delivering grand-jury testimony," it does not cover "actions that are prior to, and independent of, [the defendant's] grand-jury testimony." We held that the exception to the presumption of probable cause survives under the following test:

> [W]here (1) a law-enforcement officer, in the course of setting a prosecution in motion, either knowingly or recklessly makes false statements (such as in affidavits or investigative reports) or falsifies or fabricates evidence; (2) the false statements and evidence, together with any concomitant misleading omissions, are material to the ultimate prosecution of the plaintiff; and (3) the false statements, evidence, and omissions do not consist solely of grand-jury testimony or preparation for that testimony (where preparation has a meaning broad enough to encompass conspiring to commit perjury before the grand jury), the presumption that the grand-jury indictment is evidence of probable cause is rebuttable and not conclusive.

*Id*. at 587-88.

Here, Jones contends that Officer Murray misled the prosecutor, as well as the grand jury, through his deficient and reckless investigation and the critical omission of material evidence, namely that Jones's electronic devices contained no pornography. Had Officer Murry undertaken an analysis of the seized devices, which were in police possession the entire time, he would have discovered—as Jones had insisted under interrogation—that they did not contain any

pornography, most notably they did not contain the 39-second video that triggered the investigation.

Pursuant to *King*, Jones has presented sufficient questions of material fact to overcome the defendant officer's motion to dismiss. Dismissal was improper.

**III.**

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.